UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RENE M. TODD,

       Plaintiff,

v.

                                                            Case No. 8:12-Civ-2338-T-24 EAJ

CAROLYN W. COLVIN,
Commissioner of Social
Security,

       Defendant.
_____/

**<u>ORDER</u>**

       This cause comes before the Court for consideration of Plaintiff's complaint seeking review of the decision of the Commissioner of the Social Security Administration (Doc. No. 1). This complaint was considered by a United States Magistrate Judge, pursuant to a specific order of referral. Magistrate Judge Jenkins has filed her report recommending that the Commissioner's decision be affirmed and that judgment be entered in favor of Defendant. (Doc. No. 13). All parties were furnished copies of the Report and Recommendation and were afforded the opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1). Objections to the Magistrate's Report were filed by Plaintiff. (Doc. No. 14).

       Plaintiff asserts two arguments in support of her objections to the magistrate judge's Report and Recommendation: (1) the ALJ erred in failing to obtain an opinion from a treating or examining source; and (2) the ALJ did not properly evaluate Plaintiff's credibility. As explained below, the Court rejects these arguments.

       First, Plaintiff contends that the ALJ erred in failing to obtain an opinion from a treating or examining source; specifically, Dr. Gibbs. Plaintiff underwent a consultative examination by

Dr. Gibbs on January 21, 2010 regarding her physical limitations.  While the ALJ does not refer to Dr. Gibbs by name in the decision, the ALJ cites to and summarizes Dr. Gibbs' findings in the decision:

> In January 2010, the claimant reported ongoing grinding and pain in her right knee, as well as pain and stiffness in her left knee. Upon examination, the claimant exhibited a broad gait and she ambulated with a cane and a limp in her left leg. She was unable to tandem walk, squat or perform straight leg raising due to pain. Her left knee exhibited a decreased range of motion due to pain and stiffness but it was only mildly swollen without any heat or redness. Interestingly, she was able to get off the examination table using her cane and come down on her left leg. The claimant was assessed with chronic right knee pain. (Exhibit 4F).

(Doc. No. 9-2, p. 35 of 68).

Plaintiff contends that the ALJ erred by failing to recontact Dr. Gibbs to obtain an opinion as to Plaintiff's physical limitations.  The magistrate judge rejected this argument, stating:

> Plaintiff has not shown that the ALJ inaccurately stated Dr. Gibbs' pertinent findings. There is nothing in the physician's medical notes which contradict the ALJ's physical RFC assessment. As noted above, Dr. Gibbs diagnosed Plaintiff with chronic right knee pain, but indicated that she was able to put weight on her left leg with use of a cane, despite complaints of pain and stiffness. He also found her unable to tandem walk, squat, or perrform [sic] straight leg raising due to pain. (T 34)
>
> Although Plaintiff states that the ALJ should have asked Dr. Gibbs for a medical opinion as to Plaintiff's physical limitations, that duty arises only when the evidence received from the medical source is inadequate to determine whether a claimant is disabled. Here, the record was adequate to permit an assessment of Plaintiff's physical limitations. It was not necessary to obtain an RFC assessment from a treating source regarding Plaintiff's work-related limitations due to her physical impairments. The ALJ properly relied upon the assessments of the non-examining physicians in finding that Plaintiff can perform sedentary work.

(Doc. No. 13, p. 4-5)(internal citations and footnotes omitted).

The Court agrees with the magistrate judge and concludes that the ALJ did not err. As explained by the Eleventh Circuit:

> Medical sources should be recontacted when the evidence received from that source is inadequate to determine whether the claimant is disabled. Social Security Ruling 96–5p requires the ALJ to make "every reasonable effort" to recontact the medical source for clarification of the reasons for the opinion if the evidence does not support a treating source's opinion on any issue reserved to the Commissioner and the adjudicator cannot ascertain the basis of the opinion from the case record. In evaluating whether it is necessary to remand, we are guided by "whether the record reveals evidentiary gaps which result in unfairness or clear prejudice." The likelihood of unfair prejudice may arise if there is an evidentiary gap that "the claimant contends supports [his] allegations of disability."

Couch v. Astrue, 267 Fed. Appx. 853, 855 (11th Cir. 2008)(internal citations omitted). In this case, the evidence received from Dr. Gibbs was not inadequate to determine whether Plaintiff was disabled and clarification from Dr. Gibbs was not necessary. Accordingly, the Court overrules Plaintiff's objection on this issue.

Second, Plaintiff contends that the ALJ did not properly evaluate Plaintiff's credibility. In the decision, the ALJ stated the following:

> Following a thorough review of the evidence of record, the undersigned finds that the claimant's reports to her treating and examining physicians, as well as findings upon objective examination, are inconsistent with the claimant's testimony of such significant complaints of pain and dysfunction. Specifically, the claimant's activities of daily living are inconsistent with her allegations of such significant functional limitations, but are fully consistent with the residual functional capacity described above. The evidence of record indicates that despite the claimant's complaints and allegations, she has admitted that she was able to visit with friends, visit with her youngest son, shop with a motorized cart, drive a motor vehicle, prepare simple meals, watch television and movies, read the Bible, listen to music, go to the park and bowl with her sons and take care of personal hygiene, activities which generally reveal functioning at a greater level than alleged. (Exhibit 3F). Of note, her descriptions of his

> [sic] daily activities are representative of a fairly active and varied lifestyle and are not indicative of a significant restriction of activities or constriction of interests. Overall, these activities, when viewed in conjunction with the other inconsistencies regarding the claimant's allegations of pain and dysfunction, further limit the claimant's credibility in discussing her pain.
>
> At her hearing, the claimant complained that she was extremely limited in her functional abilities and that she could only climb stairs using a hand rail; could not lift anything heavy; had difficulty maintaining balance and standing for more than short periods of time; suffered from significant back and left knee pain; and could not squat or straighten her legs due to knee pain. The claimant also testified that she had difficulty sleeping as a result of her pain. Interestingly, the claimant testified that she sits all day and stands and walks very little of the time. This testimony is consistent with a sedentary residual functional capacity. Furthermore, the claimant testified that she does not use a computer and her nephew performs most of the household chores; however, treatment notes from January 2010 showed that she performed household chores, was active with her sons and frequently used the computer and telephone. (Exhibits 3F and 4F). The undersigned finds that the claimant's complaints at the hearing were significantly more severe than those described to her physicians, which suggests strongly that the claimant engaged in symptom magnification and exaggeration at her hearing. Although the inconsistent information provided by the claimant may not be the result of a conscious intention to mislead, nevertheless the inconsistencies suggest that the information provided by the claimant generally may not be entirely reliable.

(Doc. No. 9-2, p. 37 of 68). Plaintiff argues that her participation in everyday activities of short duration does not mean she is not disabled. The magistrate judge pointed out the flawed nature of this argument. "Although a claimant's admission that she participates in daily activities for short durations does not necessarily disqualify the claimant from disability, that does not mean it is improper for the ALJ to consider a claimant's daily activities at all." Hoffman v. Astrue, 259 Fed. Appx. 213, 219 (11th Cir. 2007). The magistrate judge correctly concluded that the ALJ properly

considered this evidence and that such evidence was only part of the evidence cited by the ALJ in not fully crediting Plaintiff's testimony as to her disabling symptoms.

Plaintiff also argues that such evidence does not show that Plaintiff has the ability to work on a regular and continuing basis. The magistrate judge, however, correctly concluded that this evidence, in conjunction with other evidence, showed that her subjective complaints of pain that allegedly limited her ability to work were not credible.

Upon consideration of the Report and Recommendation and Plaintiff's objections thereto, and upon this Court's independent examination of the file, it is determined that the Report and Recommendation (Doc. No. 13) should be adopted. Accordingly, it is now **ORDERED AND ADJUDGED** that:

(1) The Magistrate Judge's Report and Recommendation (Doc. No. 13) is adopted and incorporated by reference in this Order of the Court;

(2) The decision of the Commissioner of the United States Social Security Administration is **AFFIRMED**; and

(3) The Clerk is directed to enter judgment in favor of Defendant, to terminate all pending motions, and to close the case.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of March, 2014.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
The Honorable Elizabeth A. Jenkins
Counsel of Record